**COURT OF APPEALS**

**DECISION**

**DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1138-CR**

Cir. Ct. No. **2018CM137**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

SCOTT A. WALKER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Grant County: ROBERT P. VAN DE HEY, Judge. *Affirmed.*

¶1 BLANCHARD, J.[1] Scott Walker, a resident of the Town of Fennimore in Grant County, was found guilty at a jury trial of "intentionally point[ing] a firearm at or toward" another person, contrary to WIS. STAT.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

§ 941.20(1)(c), a misdemeanor.[2]  Walker appeals an order of the circuit court denying his motion for a new trial.  The court rejected Walker's argument that he was denied effective assistance of counsel at trial.  Walker argued that his counsel was ineffective in failing to pursue a theory that Walker's actions were justified under the privilege of defense of property under WIS. STAT. §§ 939.49(1), § 939.45(2).[3]  I affirm because Walker fails to show prejudice.

---

[2] The pertinent paragraph of WIS. STAT. § 941.20 ("Endangering safety by use of dangerous weapon") prohibits "intentionally point[ing] a firearm at or toward another." Sec. 941.20(1)(c).

[3] The pertinent subsections of WIS. STAT. § 939.49 provide:

> **(1)** A person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an unlawful interference with the person's property.  Only such degree of force or threat thereof may intentionally be used as the actor reasonably believes is necessary to prevent or terminate the interference.  It is not reasonable to intentionally use force intended or likely to cause death or great bodily harm for the sole purpose of defense of one's property.
>
> ….
>
> **(3)** In this section "unlawful" means either tortious or expressly prohibited by criminal law or both.

WISCONSIN STAT. § 939.45 provides in pertinent part:

> **Privilege**.  The fact that the actor's conduct is privileged, although otherwise criminal, is a defense to prosecution for any crime based on that conduct.  The defense of privilege can be claimed under any of the following circumstances:
>
> ….
>
> **(2)** When the actor's conduct is in defense of persons or property under any of the circumstances described in s. 939.48 [self-defense or defense of others] or 939.49 [defense of property];

¶2 The criminal complaint charged that on July 11, 2018, Walker intentionally pointed a firearm "at or toward" a person who was in the process of trying to leave Walker's residence after unsuccessfully attempting to collect on a debt that she claimed Walker owed her. The allegations of probable cause included the following.

¶3 The victim went to Walker's house to address an outstanding debt arising from her performing house cleaning work for him. Walker approached the victim outside his house and the two "discussed the cleaning and the outstanding bill." Walker "eventually told her to leave his property." Walker started walking toward the victim, "shouting at her" to leave, "and then indicated that he was going to get his gun." The victim went to her vehicle and got in, but had trouble finding her car key. Walker "came out of his home through the garage entrance carrying a rifle or a large gun," and, while standing 10 to 15 feet from the victim, "point[ed] the gun directly at her while she was in her car starting the vehicle." There is no allegation that Walker fired the gun in this incident.

¶4 The complaint further alleged that a sheriff's deputy spoke with Walker six days after this incident and that Walker told the deputy the following. The victim had arrived at his residence on July 11th to ask him about an outstanding cleaning bill. Walker told the victim "to leave the property and … he took a step toward her, but then stepped back," and further told her that "he had a gun." Walker went into his residence "and came back out with a shotgun, but … never pointed it at" the victim, only at her vehicle.

¶5 At a jury trial in October 2018, the victim gave an account of the incident that generally matched the allegations in the complaint and Walker did not testify. However, the jury heard testimony from a deputy relating post-

incident statements that Walker made to the deputy, including that Walker had pointed the firearm only at the victim's vehicle, and the jury heard a recording of these statements by Walker. Indeed, the thrust of the defense closing argument was that the jury should believe Walker's statement to the deputy that he had pointed the firearm only at the victim's vehicle (not "at or toward" her, in the terms of the charged offense) and the jury should disbelieve the victim's testimony that he had pointed it at her, which she falsely testified to as "revenge for an unpaid bill." The jury found Walker guilty.

¶6      Through new counsel, Walker filed a motion requesting a new trial. Aspects of the motion are confusing or incomplete. First, a heading summarizes the argument as follows: "Trial Counsel was Ineffective for Failing to Raise a Claim of Self Defense," even though Walker's argument on appeal involves the privilege to defend property, not the privilege of self-defense. Second, the motion fails to identify a specific pattern or modified jury instruction that Walker contends trial counsel should have offered.

¶7      However, the text of the motion refers to WIS. STAT. § 939.49 and to "the privilege Wisconsin citizens have to defend their property." Moreover, the State does not now argue any form of forfeiture as to the subject matter of the motion or the nature of the jury instruction at issue. Further, in the circuit court, both sides and the court proceeded on the apparent belief that Walker had presented a developed ineffective assistance of counsel argument involving failure to invoke the privilege to protect property. For all these reasons, I proceed on the assumption that this issue was properly preserved in the circuit court.

¶8    The circuit court held an evidentiary ***Machner*** hearing,[4] at the conclusion of which the court explained its denial of the motion for a new trial on multiple grounds.

¶9    As pertinent to the issue that I conclude is dispositive here, our supreme court has summarized the ineffective assistance of counsel standards as follows:

> Whether a defendant was denied effective assistance of counsel is a mixed question of law and fact. The factual circumstances of the case and trial counsel's conduct and strategy are findings of fact, which will not be overturned unless clearly erroneous; whether counsel's conduct constitutes ineffective assistance is a question of law, which we review de novo. To demonstrate that counsel's assistance was ineffective, the defendant must establish that counsel's performance was deficient and that the deficient performance was prejudicial. If the defendant fails to satisfy either prong, we need not consider the other.
>
>     ….
>
>     Whether any deficient performance was prejudicial is … a question of law we review de novo. To establish that deficient performance was prejudicial, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

***State v. Breitzman***, 2017 WI 100, ¶¶37, 39, 378 Wis. 2d 431, 904 N.W.2d 93 (citations omitted).

¶10    Applying these standards, and putting to the side other potential problems with Walker's argument, I conclude that Walker fails to show prejudice. He fails to point to even a hint of an evidentiary basis that could support an

---

[4] *See **State v. Machner***, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

argument that, at the time Walker pointed the firearm at the victim, he had "specific and imminent" concerns about the victim unlawfully interfering with his property that could reasonably justify the threat represented by a pointed firearm. *See State v. Dundon*, 226 Wis. 2d 654, 668, 594 N.W.2d 780 (1999) (privileges for the defense of property "do not apply" when defendant's "concerns were not specific and imminent," but instead were only "general and potential").

¶11 As the circuit court noted, even by Walker's own account, he emerged from his house and allegedly pointed the firearm at the victim's car when there was not any reason "to point it at her or at her car or raise it in any kind of hostile manner. She was leaving." Walker fails to point to any evidence that the victim was threatening, armed or possibly armed, or disruptive at any time. She confronted him at his residence, which might reasonably have irritated him. But Walker does not identify evidence that she did so in a physically aggressive or noisily defiant manner. More important, Walker identifies no evidence that the victim presented any threat to his property at the critical moment when he decided, according to the jury, to level his firearm at or toward her. He does not dispute that the only evidence at trial pertinent to the timing of events was that he pointed the firearm at her or her vehicle while she was sitting in the vehicle. Walker does not explain how the victim's sitting in her car could reasonably have meant anything to him other than that she was attempting to depart after he ordered her to leave and said that he was going to get his firearm. Nor does he more specifically explain how she could have reasonably appeared to be a threat to any of his property *while seated in her car*.

¶12 Walker points to pieces of evidence that he contends support a "specific and imminent" concern. However, even collectively, this evidence could have created, at the most, only a "general and potential" concern for Walker

6

regarding the victim's intentions, and even that would have abated by the time she was in her car.

¶13    Walker asserts that the prejudice argument made by the State is "baseless," but he fails to provide a persuasive counter-argument. We now summarize the points he briefly makes on this topic.

¶14    Walker references trial testimony by the victim that, before the incident, she had received mailed notice that Walker had filed for bankruptcy, presumably placing her on notice that creditors were prohibited from demanding payment from Walker as a debtor during bankruptcy proceedings. He also points to part of a post-incident, recorded police interview of the victim regarding her interaction with Walker before he pointed the firearm at her. The victim said that she had suggested to Walker that he could make good on his debt by giving her personal property from his garage. Finally, Walker asserts that the victim "did not" "leave" after he told her he was going to get his firearm. This last assertion is apparently based on the idea that when Walker re-emerged with his firearm, the victim had not yet driven off or perhaps not yet even started the car.[5]

¶15    Walker fails to develop an argument that this evidence could have rendered the victim's conduct, *as she sat in her vehicle*, threatening to Walker's property rights in a way that could possibly justify pointing a firearm at her at that moment. Walker fails to persuade me that there is a reasonable probability that if

---

[5] Without explanation, Walker cites only to his trial counsel's argument to the jury as the basis for this argument that the victim had not left, instead of providing a citation to evidence in the record. This does not provide adequate factual support for the proposition asserted.

counsel had pursued as a theory at trial a privilege of defense of property the result of the proceeding would have been different.

¶16 I express no opinion about any of the many issues that might arise when defendants generally attempt to raise the affirmative defense of the privilege to protect property as a defense to firearms charges or to charges involving acts or threats of violence under various other scenarios. Instead, given the undisputed facts here, I resolve this appeal based strictly on Walker's failure to show prejudice from the ineffective assistance of trial counsel that he alleges.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.